IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN DEWAYNE LEE, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | Civil Action No. 4:09-CV-084-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Kevin Dewayne Lee, TDCJ-ID #791487, is a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Fort Stockton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued upon Respondent.

C. FACTUAL AND PROCEDURAL HISTORY

In June 1997, Lee was convicted of sexual assault in Tarrant County, Texas, Case No. 0625190D, and sentenced to five years' confinement. In this petition, Lee challenges the knowing and voluntary nature of his guilty plea in the 1997 sexual assault case. (Petition at 2)

D. SUBJECT MATTER JURISDICTION

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Lee's five-year sentence for the underlying conviction fully expired on July 2, 2001, before the instant petition was filed.[1] Thus, Lee was not in custody under that charge at the time his petition was filed, and the court has no jurisdiction to entertain the petition.[4]

## II. RECOMMENDATION

Lee's petition for writ of habeas corpus should be dismissed for want of jurisdiction.[5]

---

[1] Confirmation was obtained through telephonic communication with TDCJ that Lee's sentence for the underlying criminal conviction was discharged on that date.

[4] Lee continues to serve a fifteen-year sentence on his 1997 state conviction for escape out of Parker County, Texas, in Case No. 12371.

[5] Because the court recommends dismissal of the petition for want of jurisdiction, it makes no recommendation regarding Lee's motion for leave to proceed in forma pauperis.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 7, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 7, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 5, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE